UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILROY JOHNSON,<br><br>                        Plaintiff,<br><br>v.<br><br>CITY OF NEW YORK, POLICE OFFICER JAVIER FERNANDEZ (Shield #22644) and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown),<br><br>                        Defendants. | Case No. 1:12-cv-00422-PAC-MHD<br><br>**FIRST AMENDED COMPLAINT**<br><br>Jury Trial Demanded<br><br> |

Plaintiff GILROY JOHNSON, by his attorneys, Reese Richman LLP, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, POLICE OFFICER JAVIER FERNANDEZ (Shield #22644), and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown), as Officers of the New York City Police Department and other agencies of the City of New York, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the Unites States and of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth,

Sixth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

4. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiff's claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiff's federal claims herein.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff Gilroy Johnson is a young minority male and was at all relevant times a resident in Bronx County and the State of New York.

8. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs and controls the New York City Police Department ("NYPD") and other municipal agencies and departments which are responsible for carrying out law enforcement activities under color of state law.

9. Defendants POLICE OFFICER JAVIER FERNANDEZ (Shield #22644) and OFFICERS "JOHN DOE" #1 through #15 are and were at all relevant times police or correction officers, supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY agencies and acting under color of state law.

10. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

11. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD and/or other agencies which employed the Defendants herein.

## FACTS

12. At all relevant times, Plaintiff GILROY JOHNSON lived on East 170th Street in Bronx County.

13. On or about January 15, 2011, Plaintiff was lawfully present his residence with his wife and child. During this time, NYPD officers dressed in plain clothes from the 44th Precinct, including Police Officer Javier Fernandez (Shield #22644), kicked in the front door of Plaintiff's residence and entered the apartment without probable cause, reasonable suspicion or any other privilege.

14. Defendant officers, while acting under color of New York law, did not produce any credentials or a valid search warrant.

15. Defendant officers, including Defendant P.O. Fernandez surrounded Plaintiff and his wife, and unreasonably, intentionally, and without justification forced Plaintiff to the ground while guns were drawn and pointed at his head.

16. Defendant Officers then kicked Plaintiff's wife in the stomach and forced Plaintiff

to watch.

17. Defendant officers threatened more bodily harm to Plaintiff and his wife if they did not disclose the location of illegal drugs within Plaintiff's residence. Plaintiff denied the presence of any illegal substances or contraband.

18. Plaintiff was placed in handcuffs while he, his wife, and the apartment were searched.

19. During the abovementioned events, to Plaintiff's humiliation, Plaintiff's child was restrained and forced to watch Plaintiff and Plaintiff's wife be forced to the ground, handcuffed and searched.

20. Defendant officers did not find any illegal substances or contraband in Plaintiff's residence nor on any person within the residence.

21. Despite a lack of probable cause, reasonable suspicion or other justification, Defendant officers, including P.O. Fernandez, unlawfully arrested Plaintiff and Plaintiff's wife and transported them, along with Plaintiff's child to the 44th precinct.

22. Plaintiff was released on January 15, 2011 when the Bronx County District Attorney's Office declined to prosecute charges.

### FIRST CLAIM FOR RELIEF: <br> DEPRIVATION OF FEDERAL CIVIL RIGHTS

23. Plaintiff GILROY JOHNSON repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

25. All of the aforementioned acts by Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to

the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights; these violations were driven and motivated by, reflective of and carried out pursuant to a custom, usage, practice, procedure or rule of Defendant CITY, which is forbidden by the Constitution of the United States.

29. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff GILROY JOHNSON repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

31. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

32. As a result of the foregoing, Plaintiff's liberty was restricted for an extended

period of time and Plaintiff was at all times aware of his confinement; Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

33. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of the community.

### THIRD CLAIM FOR RELIEF: EXCESSIVE FORCE

34. Plaintiff GILROY JOHNSON repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

35. Defendants' subjected Plaintiff to an excessive, unreasonable and gratuitous level of force in violation of his constitutional rights.

36. Defendants' aforementioned conduct resulted in a violation of Plaintiff's constitutional right to be free from excessive force and Plaintiff sustained physical and emotional injuries.

### FOURTH CLAIM FOR RELIEF: UNLAWFUL ENTRY AND SEARCH

37. Plaintiff GILROY JOHNSON repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

38. Defendants unlawfully entered Plaintiff's home without consent, privilege or excuse, in violation of their right to be secure in his home.

39. Defendants unlawfully searched Plaintiff's home, wherein Plaintiff had a reasonable expectation of privacy, without consent, privilege or excuse, in violation of their right to privacy.

40. As a result of Defendants' aforementioned conduct, Plaintiff's constitutional

rights to be free from unlawful entry and unlawful search were violated, and he was subjected to trespass, invasion of privacy, interference with the use and enjoyment of his home, shock, fear, humiliation, embarrassment and significant disruption to his life.

### FIFTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

41. Plaintiff GILROY JOHNSON repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

42. Defendants searched, seized and prosecuted Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

43. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

45. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include, illegally entering and searching a residence and using unreasonable and unjustifiable force to subdue suspects.

46. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY also include detaining and arresting minority males without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity and conducting intrusive body searches without individual

particularized suspicion or other justification. These unlawful policies are presently under review in this court in the matter of Floyd v. City of New York, et. al. 08-CV-1034 (SAS)(HBP).

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

48. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

49. Defendant CITY, as municipal policymaker in the training and supervision of Defendants CITY OF NEW YORK POLICE OFFICER JAVIER FERNANDEZ (Shield #22644), and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

50. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

51. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

53. All of the foregoing acts by Defendants deprived Plaintiff GILROY JOHNSON

of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be from excessive, unreasonable and gratuitous force.

    c. To be free from search, seizure, arrest and imprisonment not based upon reasonable suspicion and probable cause;

    d. To be free from infliction of emotional distress; and

    e. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.


DATED:  New York, New York
        July 3, 2013

                                        Respectfully submitted,

                                        /s/ Kim E. Richman

                                        Kim E. Richman
                                        *Attorney for Plaintiff*
                                        **REESE RICHMAN LLP**
                                        875 Avenue of the Americas, 18th Floor
                                        New York, New York  10001
                                        Telephone: (212) 643-0500